[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11790

_____

D.C. Docket No. 4:11-cv-00284-WTM-GRS


ROBERT WILLIAMS,

Plaintiff - Appellant,

versus

GEORGIA STEVEDORE ASSOCIATION, INC.,
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION
LOCAL NUMBER 1414, SAVANNAH, GEORGIA,

Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 4, 2015)

Before ED CARNES, Chief Judge, COX, Circuit Judge, and ROYAL,[*] District
Judge.

_____

[*] Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia,
sitting by designation.

PER CURIAM:

The Plaintiff, Robert Williams, is a longshoreman employed pursuant to a collective bargaining agreement.  Defendant International Longshore Association ("International Longshore") is a labor union that contracts with employers to secure the employment of longshoremen, including the Plaintiff.  Defendant Georgia Stevedore Association, Inc. ("Georgia Stevedore"),[1] is the collective bargaining representative for multiple stevedore companies operating at the Port of Savannah, Georgia.  The Plaintiff appeals the grant of summary judgment in favor of the Defendants.

International Longshore uses a hiring hall to supply workers to the companies represented by Georgia Stevedore.  A "header" is someone who selects from the hiring hall a group of qualified longshoremen to act as a "gang." Although Plaintiff is not "Company Header," he could act as a header based on his seniority when a Company Header was not available.  In 2010, the Plaintiff was suspended from acting as a header for one year.  In 2011, the Plaintiff received a thirty-five day suspension from work.  In 2012, the Plaintiff was suspended from work for thirty days and his header status was permanently revoked.

---

[1] Georgia Stevedore contends that we lack jurisdiction under Title VII because Georgia Stevedore has less than fifteen employees.  The Supreme Court held in *Arbaugh v. Y&H Corp.* that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." 546 U.S. 500, 516, 126 S. Ct. 1235, 1245 (2006).  We decide this case on other grounds.

The Plaintiff asserts three claims against the Defendants for improper retaliation under Title VII.  The Plaintiff claims he was improperly retaliated against for the following three protected activities: (1) hiring Linda Walker, whom the Plaintiff claims he was told not to hire because she frequently complained of gender discrimination; (2) filing his claim with the EEOC; and (3) filing this lawsuit.

The district court granted summary judgment for the Defendants on all claims.  On the hiring of Linda Walker, the Plaintiff did not produce any evidence from which a fact-finder, reviewing the objective circumstances, could conclude that the Plaintiff was opposing discrimination against Walker by hiring her.  The district court did not err in concluding that hiring Walker was not protected activity. (Order, D.E. 149 at 10–12).

On the filing of his EEOC claim, the district court determined that this was a protected activity, but held that the Plaintiff had not shown a causal nexus between the January 6, 2010, filing of his EEOC claim and his thirty-five day suspension from work in December 2011 (the alleged retaliation). (*Id.* at 14–17).  The district court properly concluded that the Plaintiff "relies on [the] 'temporal proximity' argument to establish a causal link between his EEOC filing and his eventual suspension in December 2011." (*Id.* at 15).  And, we find no error in the district

court's conclusion that "[t]his gap in time is simply too long to establish any kind of causal connection to support a claim of retaliation." (*Id.* at 16).

As to the filing of this lawsuit, the district court determined that this was a protected activity and that the Plaintiff had shown a causal nexus between the filing of this lawsuit in November 2011 and his thirty day suspension and the permanent revocation of his header status in January 2012 (the alleged retaliation). The burden then shifted to the Defendants to show a non-discriminatory reason for the discipline. The district court held that the Defendants met this burden by showing that the discipline resulted from the Plaintiff's refusal to follow the instructions of his supervisor. (*Id.* at 19–20). The burden then shifted back to the Plaintiff to present evidence that this non-discriminatory reason was pretextual. The district court did not err in concluding that the Plaintiff failed to present evidence from which a reasonable fact-finder could conclude that the disciplinary actions taken were pretextual. (*Id.* at 20–22).

We find no reversible error in the district court's grant of summary judgment in favor of the Defendants.

AFFIRMED.